UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES KLOTZ, )
                    )
        Plaintiff, )
                    )
     vs. )          Case No. 4:17-CV-282 (CEJ)
                    )
LOWE'S HOME CENTERS, LLC, )
                    )
        Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand the action to the Circuit Court of Jefferson County, Missouri from which it was removed. Defendant Lowe's Home Centers, LLC, opposes the motion.

### I.    Background

Plaintiff James Klotz initiated this action in the Circuit Court of Jefferson County.[1] He seeks damages for personal injuries he sustained at a Lowe's store when he was struck by a door and knocked to the ground as defendant's employees chased a suspected shoplifter. Plaintiff alleges that defendant Lowe's created a dangerous condition, breached its duty to protect him from injury from the criminal activities of the shoplifter or, in the alternative, breached its duty to protect him from injury while pursuing a shoplifter. [Doc. # 6]. Defendant timely removed the

---

[1] Plaintiff filed this action on July 11, 2016. Docket entries, Klotz v. Lowe's Home Centers, LLC, 16JE-CC00459 (https://www.courts.mo.gov/casenet/cases/searchDockets.do). Service on defendant Lowe's was achieved after December 27, 2016, when an alias summons was issued. Defendant timely removed the matter to this Court on January 25, 2017.

matter to this Court, invoking jurisdiction based on diversity of citizenship.[2] 28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a).

On March 31, 2017, plaintiff filed an amended complaint, naming Lowe's employees Brian Andrasko and Christopher Debolt as additional defendants, alleging that they caused him to fall when they negligently pursued the shoplifter. Plaintiff also filed a motion to remand, asserting that Andrasko and Debold are Missouri citizens whose presence in the action defeats diversity jurisdiction.[3] Defendant Lowe's opposes remand, arguing that Andrasko and Debold are not necessary and indispensable parties and, therefore, plaintiff should be denied leave to join them as defendants.

## II.    Discussion

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Parshall v. Menard, Inc., No. 4:16-CV-828 (CEJ), 2016 WL 3903368, at *1–2 (E.D. Mo. July 19, 2016) (quoting 28 U.S.C. § 1447(e)). Under Eighth Circuit case law, "[j]oinder would be required if the plaintiff satisfied Fed. R. Civ. P. 19 by showing that the new parties are necessary and indispensable to a full resolution of the case." Bailey v. Bayer CropScience L.P., 563 F.3d 302, 308 (8th Cir. 2009). Andrasko and Debold, as alleged joint tortfeasors with Lowe's, are neither necessary nor indispensable parties pursuant to Rule 19. See Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7

---

[2] According to allegations in the notice of removal, plaintiff is a citizen of Missouri, while defendant Lowe's is a North Carolina limited liability company, with its principal place of business in North Carolina. Its only member is Lowe's Companies, Inc., which is a North Carolina corporation, with its principal place of business in North Carolina. See Business Corporation Annual Report [Doc. # 1-7].
[3] Plaintiff's first amended complaint does not include any allegations regarding the citizenship of any of the parties, including himself.

(1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); <u>Bailey</u>, 563 F.3d at 308 ("[T]ortfeasors with joint and several liability are merely permissive parties."). Because Andrasko and Debold are not indispensable parties, the Court has "full discretionary authority to deny joinder and retain jurisdiction over the action." <u>Bailey</u>, 563 F.3d at 308; <u>see also</u> <u>Woodbury v. Courtyard Mgmt. Corp.</u>, No. 4:11-CV-1049 (CEJ), 2012 WL 482344, at *3 (E.D. Mo. Feb. 14, 2012) ("Courts have generally held that § 1447(e) gives the court the authority to deny joinder notwithstanding any right the plaintiff may have to amend under Rule 15.").

The Court must also consider whether justice requires that Andrasko and Debold be joined as defendants and the case remanded to state court. <u>Woodbury</u>, 2012 WL 482344, at *3. When faced with an amended pleading naming a new nondiverse defendant in a removed case, the district court "should scrutinize that amendment more closely than an ordinary amendment." <u>Bailey</u>, 563 F.3d at 309 (8th Cir. 2009) (<u>quoting</u> <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir.1987)). Justice requires the court to "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." <u>Id.</u> The factors include: "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed." <u>Id.</u> (citations omitted).

Considering these factors, the Court concludes that plaintiff should not be allowed to join Andrasko and Debold as co-defendants. Despite knowing their

identities since the incident, plaintiff did not name Andrasko and Debold in his original complaint; indeed, plaintiff waited more than eight months to add them. Furthermore, on the day he filed the amended complaint, plaintiff filed a motion to remand the case to state court, based on lack of complete diversity. The timing and sequence of the plaintiff's actions and the reasonable inferences drawn therefrom suggest that plaintiff seeks joinder merely to defeat the Court's jurisdiction.

Plaintiff offers no explanation for the delay in naming Andrasko and Debold, relying solely on an assertion that any delay is excused because he met the joinder deadline set forth in the Case Management Order. However, once this Court's jurisdiction is established by a timely and proper removal, plaintiff must show something more than compliance with the scheduling order to overcome the defendant's interest in remaining in federal court. See Bailey, 563 F.3d at 307 (district court has discretion to reverse joinder decision if it discovers that joinder defeats diversity jurisdiction). Plaintiff also argues that he should be permitted to join Andrasko and Debold because his claims against them have a reasonable basis in law and fact. The viability of a claim is a necessary condition to joinder, but is not by itself sufficient; otherwise, there would be no need to undertake the joinder analysis.

Plaintiff cites Delmar Properties Mgmt. & Const., LLC v. Phoenix Ins. Co., No. 4:14 CV 757 RWS, 2015 WL 2383490, at *4 (E.D. Mo. May 19, 2015), to support his argument that joinder is proper here. Delmar Properties concerned an insurance dispute that was removed to federal court based on diversity jurisdiction. After taking the depositions of the nonparty insurance brokers, each party sought to amend its pleadings: the defendant insurance company sought to add a

counterclaim based on new evidence learned during the deposition and the plaintiff insured sought to join the insurance brokers as defendants. The district court granted both motions and remanded the action to state court. In weighing the joinder factors, the court determined that the plaintiff's effort to join the brokers was not dilatory because the information giving rise to the claims had been learned during the recent depositions and further, plaintiff was faced with having to defend against a claim based on the testimony of the brokers. Plaintiff does not cite any such considerations in this case that would warrant permitting joinder and remanding the action.

Plaintiff argues that he will be forced to litigate his claims against Andrasko and Debold in a separate state court proceeding if he is denied leave to join them in this action. While this is a "competing factor" for the Court's consideration, Bailey, *supra*, plaintiff's lack of diligence in adding nondiverse defendants in the months before removal suggests that his purpose in doing so now is to avoid federal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. # 19] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint [Doc. # 20] is **stricken**.


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2017.