UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES KLOTZ, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-CV-282 CAS |
| LOWE'S HOME CENTERS, L.L.C., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff James Klotz's ("plaintiff") motion for leave to file a second amended complaint pursuant to Rule 15(a)(2), Federal Rules of Civil Procedure. Defendant Lowe's Home Centers, L.L.C. ("Lowe's") opposes the motion. Plaintiff did not file a reply memorandum and the time to do so has passed. For the following reasons, plaintiff's motion for leave to file a second amended complaint will be denied.

**Background**

Plaintiff filed this action in state court in July 2016. The case arises out of an alleged incident in March 2016 that occurred at a Lowe's store located in Arnold, Missouri and resulted in personal injury to plaintiff. On January 25, 2017, Lowe's removed the case to this Court based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a), and it was assigned to the Honorable Carol E. Jackson. A Case Management Order setting for scheduling deadlines was issued on March 2, 2017 (Doc. 15). On March 31, 2017, plaintiff filed a first amended complaint without leave of Court, attempting to add two individual defendants, and also filed a motion to remand. Judge Jackson issued a Memorandum and Order denying plaintiff's motion to remand and striking the first amended complaint on April 21, 2017 (Doc. 30). The parties subsequently engaged in discovery.

The case was reassigned to the undersigned on July 28, 2017 upon Judge Jackson's retirement, and an Amended Case Management Order was issued the same date (Doc. 34). Under both case management orders, the deadline for motions for leave to amend pleadings was March 31, 2017. No party sought to amend that deadline. On September 27, 2017, plaintiff filed the instant motion for leave to file a second amended complaint pursuant to Rule 15(a)(2), which provides that a "court should freely give leave when justice so requires." Rule 15(a)(2), Fed. R. Civ. P. Plaintiff states that he seeks to add a loss of consortium claim for his wife, and to "make [his] allegation of negligence more clear." Pl.'s Mot. for Leave at 1. Plaintiff asserts that Lowe's will not be prejudiced because the trial date is not until July 16, 2018, and defendant therefore "has sufficient time to discover and respond to the amendments." Id.

Lowe's opposes the motion for leave, arguing that Rule 16(b)(4)'s "good cause" standard, not the "freely given" standard of Rule 15(a), applies because the case management order's deadline to amend pleadings has passed. Lowe's states that plaintiff has not shown good cause for his untimely amendment, proffered six months past the deadline, and cannot show diligence because the claim for loss of consortium is based on information that was exclusively within his possession since this action was filed. Lowe's also asserts that it will be prejudiced if the amendment is allowed because the proposed second amended complaint makes significant changes to the three counts originally pleaded, changing allegations relating to the facts, the alleged negligent behavior by Lowe's, and plaintiff's injuries and damages. Lowe's states that plaintiff's deposition was taken the day before the motion to amend was filed, and if leave to amend were granted Lowe's would have to retake plaintiff's deposition and potentially redo much of the discovery already undertaken, in addition to beginning discovery with respect to proposed plaintiff Mary Klotz.

Plaintiff did not file a reply memorandum in support of his motion for leave to amend, and has made no attempt to establish good cause under Rule 16(b)(4) or to refute Lowe's assertions.

**Legal Standard**

It is well established that a "motion for leave to amend filed outside the district court's Rule 16(b) scheduling order requires a showing of good cause." Kmak v. American Century Cos., Inc., __ F.3d __, 2017 WL 4679507, at *3 (8th Cir. Oct. 19, 2017) (quoting Williams v. TESCO Servs., Inc., 719 F.3d 968, 977 (8th Cir. 2013)). "The primary measure of good cause is the movant's diligence." Id. (quoting Harris v. FedEx Nat'l LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014)). Courts generally do not consider prejudice to the nonmoving party if the party seeking leave to amend has not been diligent in meeting the case management order's deadlines. Id. (quoting Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012)).

**Discussion**

Because the Case Management Order's deadline for motions to amend pleadings in this case passed on March 31, 2017, plaintiff is required to show good cause for the amendment under Rule 16(b)(4). See Kmak, 2017 WL 4679507, at *3. In support of his motion, plaintiff does not address the issue of good cause and instead relies on the inapplicable Rule 15(a) standard for amendment, and asserts that Lowe's will not be prejudiced by the amendment because the trial date is in July 2018.

As stated above, the primary measure of good cause under Rule 16(b) is the plaintiff's diligence in attempting to meet the CMO's requirements. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008). Eighth Circuit "cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the

order." Id. Here, plaintiff seeks to assert a claim for loss of consortium six months after the applicable scheduling order's deadline for amendments, based on facts that have been within his knowledge since the time this action was filed. Plaintiff makes no effort to show the existence of good cause.

"A district court acts 'within its discretion' in denying a motion to amend which made no attempt to show good cause." Harris, 760 F.3d at 786. The Court find that plaintiff was not diligent in meeting the Case Management Order's deadline where he seeks leave to amend six months past the deadline to assert a claim he knew about when the case was filed, and makes no effort to show good cause under Rule 16(b)(4). Cf. Barstad v. Murray County, 420 F.3d 880, 883 (8th Cir. 2005) (affirming district court's denial of leave to amend complaint under Rule 16(b) because the plaintiffs had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint"). Plaintiff's motion for leave to amend will therefore be denied.

While any prejudice to the nonmoving party resulting from amendment may generally be a relevant factor, the Eighth Circuit has stated it "will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman, 532 F.3d at 717. Here, plaintiff has not shown diligence, and Lowe's has articulated prejudice: that it would be required to retake plaintiff's deposition and redo other discovery in light of the changed claims and new party and claim. The prejudice that would accrue to Lowe's offers an additional reason to deny plaintiff's motion for leave.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a second amended complaint is **DENIED**. [Doc. 44]

                                                                                           _____
                                                                                           **CHARLES A. SHAW
                                                                                           UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of October, 2017.