# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES KLOTZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-282 CAS |
| LOWE'S HOME CENTERS, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff James Klotz's ("Plaintiff") motion for leave to file a third amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).[1] Defendant Lowe's Home Centers, L.L.C. ("Defendant") opposes the motion. Plaintiff filed a reply, and the motion is now fully briefed. For the following reasons, Plaintiff's third motion to amend the complaint will be denied.

## I. BACKGROUND

Plaintiff filed this action in Missouri state court in July 2016. The case arises out of an alleged incident that occurred at a Lowe's store located in Arnold, Missouri and resulted in personal injury to Plaintiff. Plaintiff alleges three theories of liability in his original petition. Although Plaintiff did not explicitly identify or label the legal theories he seeks to advance, the Court interprets Count I as an allegation of premises liability,[2] Count II as an allegation of third-

---

[1] Plaintiff titles the present motion as "Plaintiff's Motion for Leave to File a Third Amended Complaint." (Doc. 64). At this time, the original petition is the only valid complaint, and Plaintiff's motion is more appropriately interpreted as a third motion to amend the complaint.

[2] Although Plaintiff now claims Count I is a claim for active negligence, the Court disagrees and concludes that Count I is clearly a claim for premises liability. Under Missouri law, the elements of a premises liability claim are "(1) the existence of a dangerous condition on the possessors' real estate that involved an unreasonable risk; (2) the possessors knew or by using ordinary care should have known of the condition; (3) the possessors failed to use ordinary care to remove or warn of the danger; and (4) as a result the plaintiff was injured." Badovinatz v. Brown, 192 S.W.3d 445, 446 (Mo. App. 2006) (citing Rycraw v. White Castle Sys., Inc., 28 S.W.3d 495, 499 (Mo. App. 2000)). In Count I, Plaintiff alleges that (1) "The Defendant's premise was not reasonably safe due to the dangerous

party criminal liability; and Count III as an allegation that Lowe's assumed a legal duty to warn Plaintiff.

On January 25, 2017, Defendant removed the case to this Court based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a), and it was assigned to the Honorable Carol E. Jackson. A Case Management Order setting scheduling deadlines was issued on March 2, 2017. (Doc. 15). On March 31, 2017, Plaintiff filed a first amended complaint without leave of Court, attempting to add two individual defendants, and also filed a motion to remand. Judge Jackson issued a Memorandum and Order denying plaintiff's motion to remand and striking Plaintiff's first amended complaint on April 21, 2017. (Doc. 30). The parties subsequently engaged in discovery.

The case was reassigned to the undersigned on July 28, 2017 upon Judge Jackson's retirement, and an Amended Case Management Order was issued the same date. (Doc. 34). Under both case management orders, the deadline for motions for leave to amend pleadings was March 31, 2017. No party sought to amend that deadline. On September 27, 2017 Plaintiff filed a motion for leave to file a second amended complaint pursuant to Rule 15(a)(2). The Court denied Plaintiff's motion and explained that Plaintiff's application of Rule 15(a)(2) was incorrect. Specifically, the undersigned stated that because the deadline for motions to amend pleadings in this case passed on March 31, 2017, Plaintiff was required to show good cause for the amendment under Rule 16(b)(4). See Mem. and Order of Oct. 24, 2017. (Doc. 46). The Court found that Plaintiff made no effort to show the existence of good cause, and denied Plaintiff's second motion to amend the complaint.

---

condition created by Defendant's employees' pursuit of the shoplifter," (2) "Defendant knew or by using ordinary care could have known of this condition . . . ," (3) "Defendant failed to use ordinary care to refrain from creating, or to remove, barricade, or warn of the dangerous condition of the premises . . . ," and (4) "Such negligence directly caused or directly contributed to cause damage to Plaintiff . . . " Petition at 2 (Doc. 6). The allegations in Plaintiff's Count I track the elements of premises liability and this Court will not interpret Count I to be anything but an allegation of premises liability.

On December 29, 2017, Plaintiff filed the instant motion for "leave to file third amended complaint." Despite the Court's explanation in its previous order, Plaintiff again seeks to file an amended complaint pursuant to Rule 15(a)(2) and makes no mention of Rule 16(b)(4)'s "good cause" standard. Plaintiff asserts that he seeks leave to amend the complaint "in order to allege facts developed in discovery, including the depositions of Defendant's employees completed November 14, 2017." Plaintiff's motion contains no explanation as to what the newly discovered facts are.

Defendant opposes the motion for leave, arguing that Rule 16(b)(4)'s "good cause" standard, not the "freely given" standard of Rule 15(a), applies because the Case Management Order's deadline to amend pleadings has passed. Defendant states that Plaintiff has not shown good cause for his untimely amendment, proffered almost ten months past the deadline, and cannot show diligence because the facts added to Plaintiff's proposed amended complaint are not novel and were available to him prior to the depositions of Lowe's employees. Defendant further notes that Plaintiff has not provided an explanation as to which facts were recently discovered and why his complaint must be amended to include them.

Defendant additionally argues that permitting Plaintiff to amend the complaint at this time would cause undue prejudice to Defendant. Defendant has submitted a motion for summary judgment based on the legal theories set forth in Plaintiff's petition. Defendant argues that Plaintiff should not be permitted to avoid an adverse summary judgment ruling by seeking leave to amend.

Plaintiff replies that Defendant removed the case from state court on January 25, 2017 and filed its answer on January 26, 2017, and that "amendments in response to a recently raised defense can be appropriate." Reply at 1. Instead of explaining or even summarizing the allegedly newly discovered facts in his reply, Plaintiff refers the Court to his response to Lowe's

motion for summary judgment for the "basis for many of the allegations in the proposed third amended complaint." Id. at 4.

## II. LEGAL STANDARD

It is well established that a "motion for leave to amend filed outside the district court's Rule 16(b) scheduling order requires a showing of good cause." Kmak v. American Century Cos., Inc., 873 F.3d 1030, 1034 (8th Cir. 2017) (quoting Williams v. TESCO Servs., Inc., 719 F.3d 968, 977 (8th Cir. 2013)). "The primary measure of good cause is the movant's diligence." Id. (quoting Harris v. FedEx Nat'l LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014)). Courts generally do not consider prejudice to the nonmoving party if the party seeking leave to amend has not been diligent in meeting the case management order's deadlines. Id. (quoting Hartis v. Chicago Title Ins. Co., 694 F.3d 935 948 (8th Cir. 2012)). Furthermore, it is not an abuse of discretion to deny a motion to amend the pleadings where the nonmoving party has moved for summary judgment. See Davis v. City of St. John, 182 F. App'x 626, 627 (8th Cir. 2006) (unpublished per curiam) (affirming denial of leave to amend where plaintiffs sought to amend their complaint eight months after the Case Management Order's deadline for amendment of pleadings).

## III. DISCUSSION

Because the Case Management Order's deadline for motions to amend pleadings in this case passed on March 31, 2017, Plaintiff is required to show good cause for the amendment under Rule 16(b)(4). Kmak, 873 F.3d at 1034. This Court previously informed Plaintiff that Rule 16(b)(4)'s good cause standard, and not Rule 15(a)'s standard, is the correct standard that must be met. Despite the Court's previous Order, Plaintiff repeats the same error. Plaintiff again fails to address the issue of good cause and instead relies on the inapplicable Rule 15(a) standard, and asserts that Lowe's would not be prejudiced by the amendment because the trial date is in July 2018.

Plaintiff states that the impetus for seeking to amend his complaint is "the depositions of Defendant's employees completed November 14, 2017." Motion at 1. (Doc. 64). However, not only has Plaintiff failed to specify what these newly discovered facts are, but Plaintiff delayed until December 29, 2017 to request an amendment.

In the last paragraph of his Reply, Plaintiff states, "As set forth in Plaintiff's response to Lowes' [sic] motion for summary judgment, Defendant's answers in those depositions and the documents they concerned support liability and provide the basis for many of the allegations in the proposed third amended complaint." Reply at 4. Plaintiff must do more than merely reference another filing to satisfy Rule 16(b)(4)'s good cause standard, and expect the Court to interpret that filing to support the argument he makes. Moreover, even a review of Plaintiff's response to Defendant's motion for summary judgment does not reveal a basis for good cause to amend the complaint.

As stated above, and in the Court's previous order denying Plaintiff's motion to amend the complaint, the primary measure of good cause under Rule 16(b) is the plaintiff's diligence in attempting to meet the Case Management Order's requirements. Sherman v. Winco Fireworks, Inc., 531 F.3d 709, 716-17 (8th Cir. 2008). The Eighth Circuit "cases reviewing Rule 16(b) ruling focus in the first instance (and usually solely) on the diligence of the party who sought the modification of the order." Id.

Here, Plaintiff is seeking to omit all three theories of liability pleaded in his petition and change his legal theory to one of active negligence. Plaintiff's motion was filed nearly ten months after the Case Management Order's deadline for amendments, based on facts that have been within his knowledge since the time this action was filed. Plaintiff makes no effort to describe the new facts allegedly gleaned during discovery or to even attempt to show good cause for his amendment. Furthermore, Plaintiff did not promptly move to amend the complaint at the

completion of the November 14, 2017 depositions.  It was not until after Defendant had moved for summary judgment that Plaintiff filed his proposed amended complaint.  It is clear to the Court that Plaintiff's motion to amend is an attempt to avoid Defendant's motion for summary judgment and is not based on newly discovered facts.  Cf. Davis, 182 F. at 627.

"A district court acts 'within its discretion' in denying a motion to amend which makes no attempt to show good cause."  Harris, 760 F.3d at 786.  The Court finds that Plaintiff was not diligent in meeting the Case Management Order's deadline where he seeks leave to amend almost ten months past the deadline, to assert a claim he knew about when the case was filed.  See Barstad v. Murray County, 420 F.3d 880, 883 (8th Cir. 2005) (affirming district court's denial of leave to amend complaint under Rule 16(b) because the plaintiffs had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint").  Plaintiff has made no effort to show good cause under Rule 16(b)(4), despite the Court's previous order explaining the correct standard.  Plaintiff's motion to for leave to amend will therefore be denied.

While any prejudice to the nonmoving party resulting from amendment may generally be a relevant factor, the Eighth Circuit has stated it "will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines."  Sherman, 532 F.3d at 717.  Here, Plaintiff has not shown diligence and Defendant has articulated prejudice: granting Plaintiff's amendment would result in undue delay and prejudice to Defendant by incurring new rounds of discovery and potentially depriving it of a ruling on its motion for summary judgment.  See Kmak, 873 F.3dat 1034-35.  The prejudice that would accrue to Defendant offers an additional reason to deny Plaintiff's motion for leave.

Accordingly

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file an amended complaint is **DENIED**.  [Doc. 64]

                                                                           **CHARLES A. SHAW**
                                                                           **UNITED STATES DISTRICT JUDGE**

Dated this 13th day of February, 2018.